UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EUSEBIA CARDENAS,                               Case No.:
FRANCISCO A. MORENO

Plaintiff, and all others similarly situated under
29 U.S.C. 216(B),

      vs.

ARAGON TOWERS CONDOMINIUM
ASSOCIATION, INC.,
RAUL INTRIAGO
JOHN GONZALEZ

      Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. 201- 216
## MINIMUM AND OVERTIME WAGE VIOLATION

COMES NOW Plaintiffs, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florsda at the time that this dispute arose.

3. The Defendant ARAGON TOWERS CONDOMINIUM ASSOCIATION, INC.,, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiffs for the relevant time period. The individual Defendants INTRIAGO and GONZALEZ are corporate officers or owners or managers of the Defendant Corporation who run the day-to-day operations of the Corporate Defendant for the relevant time period and was/were responsible for paying Plaintiffs' wages for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## FEDERAL STATUTORY VIOLATION
## (MINIMUM AND OVERTIME WAGE VIOLATION)

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid minimum and overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. The Plaintiffs worked as maintenance workers for the Defendants regularly for the

relevant time period while he worked for the Defendants. Plaintiff CARDENAS began work for the Defendant on or about December 1, 2006 through on or about December 31, 2009. Plaintiff MORENO began work for the Defendant on or about December 1, 2006 through on or about December 31, 2009.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that Plaintiff used or transported on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. Additionally, upon information and belief, the Defendant Corporations grossed over $500,000 annually for the relevant time period.

11. Plaintiffs each worked an average of 52 hours per week for the Defendants. Plaintiffs were paid $2.88 per hour for the first 40 hours of work per week in violation of the Fair Labor Standards Act. Plaintiffs were paid no wages whatsoever for 12 overtime hours worked per week in excess of 40 hours weekly in violation of the Fair Labor Standards Act.

12. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

**J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71st STREET #605
MIAMI BEACH, FLORIDA 33141
305-865-6766
F.B.N. 0010121
zabogado@aol.com**

*/s J.H. Zidell*
**J.H. ZIDELL**