UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-22722 - HUCK/O'SULLIVAN

---

EUSEBIA CARDENAS,
FRANCISCO A. MORENO, and
all others similarly situated under
29 U.S.C. 216(B),

Plaintiffs,

v.

ARAGON TOWERS CONDOMINIUM
ASSOCIATION, INC., RAUL
INTRIAGO, and JOHN GONZALEZ,

Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR FINAL SUMMARY JUDGMENT**

---

Defendants, Aragon Towers Condominium Association, Inc., Raul Intriago and John Gonzalez (hereinafter the "Defendants"), by and through undersigned counsel, hereby file this their Reply in Support of Their Motion for Final Summary Judgment, and in support thereof, state as follows:

**INTRODUCTION**

On page 2 of DE 39, Plaintiffs state that they "do not raise the standard individual or enterprise coverage arguments," apparently recognizing that Plaintiffs former employment with the Association does not meet the tests of individual coverage or enterprise coverage. Instead, Plaintiffs rely on 29 U.S.C. § 206(f) for the proposition that the FLSA applies in this case. The statute states:

> (f) Employees in domestic service
> Any employee--
> (1) who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C.A. § 409(a)(6) ] constitute wages for the purposes of title II of such Act [42 U.S.C.A. § 401 et seq.], or
> (2) who in any workweek--
> (A) is employed in domestic service in one or more households, and
> (B) is so employed for more than 8 hours in the aggregate, shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

29 U.S.C. § 206(f).

Plaintiffs rely on *Ramirez v. Martinez*, 2009 WL 199786 (S.D. Fla. 2009), which was decided based on 29 U.S.C. § 206(f), to support their contention that the FLSA should apply to the instant case. A brief analysis of *Ramirez* demonstrates that Plaintiffs' reliance is misplaced.

In *Ramirez*, the court was considering the merits of a motion to dismiss filed by the defendant. Plaintiff Milagros Ramirez was employed by Jose Martinez as a live in domestic service worker. Ramirez served as a housekeeper and also served as a care giver for Martinez' two elderly parents. In deciding whether Ramirez' employment was covered under the FLSA, the Court wrote:

> Domestic service workers are included under the FLSA as nonexempt employees. 29 U.S.C. § 206(f). This section states, in pertinent part, that any employee "employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect...." *Id.* § 206(f). The Department of Labor defines domestic service employment as "services of a household nature performed by an employee in or about a private home ... of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, maids, *housekeepers*, laundresses, gardeners and the like." 29

C.F.R. § 552.3 (1975) (emphasis added).

*Ramirez v. Martinez*, 08-21863-CIV, 2009 WL 199786 (S.D. Fla. 2009).

The facts of the case at bar bear little resemblance to the facts in *Ramirez*. In the instant case, the Plaintiffs were employed by the Association to work as janitors at the condominium. The Ramirez plaintiff lived in a private residence and was employed by that private resident to perform domestic tasks inside the residence. Plaintiffs in the instant case spent most of their time cleaning the common areas of the condominium, *see* Cardenas Depo, pp. 103-105; Moreno Depo, p. 24, lines 22-24, and they did not clean the private residences of the Defendants. *See* Cardenas Depo, p. 24, lines 8-25; Moreno Depo, p. 13, lines 16-19. To hold that the FLSA applies to the Plaintiffs pursuant to 29 U.S.C. § 206 (f) would be to ignore the presence of the words "*in a household*" that are present in the statute. To hold that the FLSA applies to the Plaintiffs pursuant to 29 U.S.C. § 206 (f) would further require that this court ignore the phrase "services of a household nature performed by an employee *in or about a private home*" that is present in 29 C.F.R. § 552.3 (emphasis added). There is no allegation that the Plaintiffs in the instant case performed domestic services in a private home of any of the Defendants; thus, 29 U.S.C. § 206 (f) does not apply to the instant Plaintiffs.

In a final attempt to assert that 29 U.S.C. § 206 (f) applies, Plaintiffs point to the presence of the word "condominium" in 29 C.F.R. 552.101(a) as supporting their position that the FLSA should apply. A reading of 29 C.F.R. 552.101(a) would be useful:

> (a) The definition of domestic service employment contained in § 552.3 is derived from the regulations issued under the Social Security Act (20 CFR 404.1057) and from "the generally accepted meaning" of the term. Accordingly, the term includes persons who are frequently referred to as "private household workers." See S. Rep.

> 93-690, p. 20. **The domestic service must be performed in or about the private home of the employer whether that home is a fixed place of abode or a temporary dwelling as in the case of an individual or family traveling on vacation. A separate and distinct dwelling maintained by an individual or a family in an apartment house, condominium or hotel may constitute a private home.**
>
> (b) Employees employed in dwelling places which are primarily rooming or boarding houses are not considered domestic service employees. The places where they work are not private homes but commercial or business establishments. Likewise, employees employed in connection with a business or professional service which is conducted in a home (such as a real estate, doctor's, dentist's or lawyer's office) are not domestic service employees.

29 C.F.R. § 552.101 (emphasis added).

The word "condominium," is used as part of a list that describes different types of separate and distinct dwellings that an <u>individual</u> or <u>family</u> can maintain. The word does not, by its mere presence, indicate that janitors employed by a condominium association are covered under 29 U.S.C. § 206(f) absent employment in a private residence. 29 C.F.R. § 552.101 recognizes that there are certain places where individuals maintain a residence that are commercial or business establishments and are not private homes. The CFR excludes employees from coverage in those instances. The Court should recognize that the instant Plaintiffs are not employed in an individual, private residence, and should find that 29 U.S.C. 206(f) does not apply here.

The facts of this case are clear. The Plaintiffs were not engaged as domestic service workers in the private homes of the Defendants. The Plaintiffs admitted that they did not work inside the private homes of the Defendants. *See* Cardenas Depo, p. 24, lines 8-25; Moreno Depo, p. 13, lines 16-19. Plaintiffs have not presented any authority, either persuasive or otherwise, that interprets or

otherwise declares that their employment with the Association was equivalent to employment by a private individual in a private household such that 29 U.S.C. 206(f) should apply, because no such authority exists. Because the Plaintiffs were employed as janitors cleaning the common areas of the Association, including hallways, lobbies, the pool and the parking lot, *see* Moreno Depo, pp. 27-28, lines 22-18, and not employed in the Defendants' individual private residences, 29 U.S.C. 206(f) does not apply, and only individual coverage or enterprise coverage could operate to bring the Plaintiffs' employment with the Defendants under the purview of the FLSA. As Plaintiffs have already conceded that neither individual nor enterprise coverages apply [DE 39], this Court must grant summary final judgment in favor of the Defendants.

## CONCLUSION

The Plaintiffs in this case cannot establish that the FLSA applies to them either through individual coverage, enterprise coverage, via 29 U.S.C. § 206(f), or through any other statutory provision. Accordingly, this Court must grant summary final judgment in favor of the Defendants in this case, and grant any and all further relief deemed proper.

Respectfully submitted,

/s/ Patrick H. Gonyea
Patrick H. Gonyea, Esquire
Florida Bar No. 0055042
pgonyea@florida-law.com
Edwin Cruz, Esquire
Florida Bar No. 0055579
ecruz@florida-law.com

## CERTIFICATE OF SERVICE

*Cardenas, Eusebia, et al. v. Aragon Towers Condo. Assn., et al.*
*Case No. 1:10-cv-22722 - HUCK/O'SULLIVAN*

I hereby certify that on **February 7, 2011**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Patrick H. Gonyea
Patrick H. Gonyea, Esquire
Florida Bar No.: 0055042
pgonyea@florida-law.com
Edwin Cruz, Esquire
Florida Bar No. 0055579
ecruz@florida-law.com

**SERVICE LIST**

J. H. Zidell, Esquire
J. H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

PHG/EC/dmh
0646/210859