UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-22722 - HUCK/O'SULLIVAN

---

EUSEBIA CARDENAS,
FRANCISCO A. MORENO, and
all others similarly situated under
29 U.S.C. 216(B),

Plaintiffs,

v.

ARAGON TOWERS CONDOMINIUM
ASSOCIATION, INC., RAUL
INTRIAGO, and JOHN GONZALEZ,

Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Defendants, Aragon Towers Condominium Association, Inc., Raul Intriago and John Gonzalez (hereinafter the "Defendants"), by and through undersigned counsel, hereby file this their Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment, and in support thereof, state as follows:

## A. 29 U.S.C. 206 (f) DOES NOT APPLY TO THE INSTANT MATTER. FLSA COVERAGE IS NOT PRESENT AND PLAINTIFFS ARE NOT ENTITLED TO SEEK DAMAGES FOR EITHER MINIMUM OR OVERTIME WAGES.

Plaintiffs rely on 29 U.S.C. § 206(f) for the proposition that the FLSA applies in this case. This reliance is misplaced. The statute states:

> (f) Employees in domestic service
> Any employee--
> (1) who in any workweek is employed in domestic service in

> a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C.A. § 409(a)(6) ] constitute wages for the purposes of title II of such Act [42 U.S.C.A. § 401 et seq.], or
> (2) who in any workweek--
> (A) is employed in domestic service in one or more households, and
> (B) is so employed for more than 8 hours in the aggregate, shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

29 U.S.C. § 206(f).

Plaintiffs rely on *Ramirez v. Martinez*, 2009 WL 199786 (S.D. Fla. 2009), which was decided based on 29 U.S.C. § 206(f), to support their contention that the FLSA should apply to the instant case. A brief analysis of *Ramirez* demonstrates that Plaintiffs' reliance is misplaced.

In *Ramirez*, the Court was considering the merits of a motion to dismiss filed by the defendant. Plaintiff Milagros Ramirez was employed by Jose Martinez as a live in domestic service worker. Ramirez served as a housekeeper in the defendant's private residence. Ramirez also served as a care giver for Martinez' two elderly parents. In deciding whether Ramirez' employment was covered under the FLSA, the Court wrote:

> Domestic service workers are included under the FLSA as nonexempt employees. 29 U.S.C. § 206(f). This section states, in pertinent part, that any employee "employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect...." *Id.* § 206(f). The Department of Labor defines domestic service employment as "services of a household nature performed by an employee in or about a private home ... of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, maids, *housekeepers*, laundresses, gardeners and the like." 29 C.F.R. § 552.3 (1975) (emphasis added).

*Ramirez v. Martinez*, 08-21863-CIV, 2009 WL 199786 (S.D. Fla. 2009).

The facts of the case at bar bear little resemblance to the facts in *Ramirez*. In the instant case, the Plaintiffs were employed by the Association to work as janitors at the condominium. The *Ramirez* plaintiff lived in a private residence and was employed by that private resident to perform domestic tasks inside that residence. Plaintiffs in the instant case spent most of their time cleaning the common areas of the condominium, *see* Deposition of Eusebia Cardenas ("Cardenas Depo") filed with Defendants' Motion for Summary Judgment [DE 34-2], pp. 103-105; Deposition of Francisco Moreno ("Moreno Depo") filed with Defendants' Motion for Summary Judgment [DE 34-3], p. 24, lines 22-24, and they did not clean the private residences of the Defendants. *See* Cardenas Depo, p. 24, lines 8-25; Moreno Depo, p. 13, lines 16-19. To hold that the FLSA applies to the Plaintiffs pursuant to 29 U.S.C. § 206 (f) would be to ignore the presence of the words "*in a household*" within the statute. To hold that the FLSA applies to the Plaintiffs pursuant to 29 U.S.C. § 206 (f) would further require that this court ignore the phrase "services of a household nature performed by an employee *in or about a private home*" that is present in 29 C.F.R. § 552.3 (emphasis added). There is no allegation that the Plaintiffs in the instant case performed domestic services in the private home of any of the Defendants; thus, 29 U.S.C. § 206 (f) does not apply to the instant Plaintiffs.

In a final attempt to assert that 29 U.S.C. § 206 (f) applies, Plaintiffs point to the presence of the word "condominium" in 29 C.F.R. 552.101(a) as supporting their position that the FLSA should apply. A reading of 29 C.F.R. 552.101(a) would be useful:

> (a) The definition of domestic service employment contained in § 552.3 is derived from the regulations issued under the Social Security Act (20 CFR 404.1057) and from "the generally accepted meaning" of the term. Accordingly, the term includes persons who are frequently referred to as "private household workers." See S. Rep. 93-690, p. 20. **The domestic service must be performed in or about the private home of the employer whether that home is a fixed place of abode or a temporary dwelling as in the case of an individual or family traveling on vacation. A separate and distinct dwelling maintained by an individual or a family in an apartment house, condominium or hotel may constitute a private home.**
>
> (b) Employees employed in dwelling places which are primarily rooming or boarding houses are not considered domestic service employees. The places where they work are not private homes but commercial or business establishments. Likewise, employees employed in connection with a business or professional service which is conducted in a home (such as a real estate, doctor's, dentist's or lawyer's office) are not domestic service employees.

29 C.F.R. § 552.101 (emphasis added).

The word "condominium," is used as part of a list that describes different types of separate and distinct dwellings that an individual or family can maintain. The word does not, by its mere presence, indicate that janitors employed by a condominium association to maintain its common elements are covered under 29 U.S.C. § 206(f) absent employment in a private residence. 29 C.F.R. § 552.101 recognizes that there are certain places where individuals maintain a residence that are commercial or business establishments and are not private homes. The CFR excludes employees from coverage in those instances. This Court should recognize that the instant Plaintiffs are not employed in an individual, private residence, and should find that 29 U.S.C. 206(f) does not apply here.

It is undisputed that the Plaintiffs were hired by the Association to clean the common areas of the condominium and did, in fact, spend their time cleaning the common areas of the condominium. It is important for this Court to consider the nature of the ownership of the Association's common areas in its analysis of whether Plaintiffs' employment should be considered to be "domestic service in a household." In paragraph 2 I of the Aragon Towers Declaration of Condominium (the "Declaration"), filed with this Court as DE 43, a "condominium unit" is described as follows:

> "Unit" or "Condominium Unit" means a portion of the Condominium Property which is subject to exclusive ownership...

Florida Statute § 718.103 (27) also defines a condominium unit:

> "Unit" means a part of the condominium property which is subject to exclusive ownership. A unit may be in improvements, land, or land and improvements together, as specified in the declaration.

§ 718.103, Fla. Stat.

Paragraph 2 J of the Declaration defines "Common Elements" as follows:

> "Common Elements" means that portion of the Condominium Property not included in the Units. Common elements shall include the tangible personal property required for the maintenance of the common elements even though owned by the Association. References to "common areas" and "common elements" are used interchangeably.

Florida Statute § 718.108 also defines a condominium's common areas:

> (1) "Common elements" includes within its meaning the following:
> (a) The condominium property which is not included within the units.

§ 718.108, Fla. Stat.

The Florida Second District has noted that "the only type of private ownership available within a condominium is a "unit." *Hyde Park Condo. Ass'n v. Estero Island Real Estate, Inc.*, 486 So.2d 1, 2 (Fla. 2d DCA 1986). The Second District stated that for it to hold otherwise "would, in effect, create property ownership rights which were not contemplated by either the legislature or the Hyde Park Condominium declaration." *Id.*

The common areas at Aragon Towers Condominium are owned by the Aragon Towers Condominium, and are not subject to private ownership by any unit owner. Pursuant to the Declaration, each unit is entitled to an undivided share of the common elements. *See* Declaration, ¶ 2 M. Because the common elements are not subject to individual ownership by the unit owners, and because the only portion of condominium property subject to private ownership are the units, this Court should find that persons employed by a condominium association to clean the common elements of a condominium are not employed as domestic service workers in a household such that 29 U.S.C. § 206(f) applies.

The facts of this case are clear. The Plaintiffs were not engaged as domestic service workers in the private homes of the Defendants. The Plaintiffs admitted that they did not work inside the private homes of the Defendants. *See* Cardenas Depo, p. 24, lines 8-25; Moreno Depo, p. 13, lines 16-19. Plaintiffs have not presented any authority, either persuasive or otherwise, that interprets or otherwise declares that their employment with the Association was equivalent to employment by a private individual in a private household such that 29 U.S.C. 206(f) should apply, because no such authority exists. Association common areas are owned by the Association, and are not subject to private ownership by any individual unit owner. Thus, it would be improper for this Court to find

that an condominium's common areas are "private households" for the purposes of 29 U.S.C. § 206(f), as, under Florida law, common areas are not subject to private ownership. Because the Plaintiffs were employed by the Association as janitors cleaning the common areas of the Association, including hallways, lobbies, the pool and the parking lot, *see* Moreno Depo, pp. 27-28, lines 22-18, and not employed to clean the Defendants' individual private residences, 29 U.S.C. 206(f) does not apply and only individual coverage or enterprise coverage could operate to bring the Plaintiffs' employment with the Defendants under the purview of the FLSA. Because Plaintiffs have already conceded that neither individual coverage nor enterprise coverage applies, see DE 39, this Court must find that the FLSA does not apply to the instant case.

In section B of their Motion for Partial Summary Judgment, Plaintiffs also assert that this Court should find that the Defendants waived the exemption found in 29 § U.S.C. 213(b)(21) because such an exemption was allegedly not raised by the Defendants in their Answer and Affirmative Defenses. Plaintiffs' position is incorrect. Defendants' fourth affirmative defense, as raised in their Answer and Affirmative Defenses [DE 20], reads as follows:

> Pleading in the alternative, as and for their fourth, separate and distinct affirmative defense, Defendants would show that Plaintiffs are, or may be, exempt employees pursuant to the provisions of 29 U.S.C. §207 and/or 29 U.S.C. §213.

To the extent that this Court finds that the Plaintiffs were employed in domestic service in a household, which is denied, the Court must find that the Plaintiffs are exempt from the overtime provisions of the FLSA under 29 U.S.C. § 213(b)(21).

**B. A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER INDIVIDUAL DEFENDANTS RAUL INTRIAGO AND JOHN GONZALEZ WERE PLAINTIFFS' FLSA EMPLOYERS SUCH THAT THEY SHOULD BE HELD INDIVIDUALLY LIABLE IF PLAINTIFFS PREVAIL AT TRIAL.**

It remains the Defendants' position that the FLSA does not apply to the Plaintiffs in this case. *See* Defendants' Motion for Final Summary Judgment [DE 34]. Therefore, Defendants Raul Intriago and John Gonzalez are not the Plaintiffs' FLSA employers and are not liable to the Plaintiffs. Accordingly, the Defendants request that this Court deny the relief requested in section C of the Plaintiffs' Motion for Partial Summary Judgment.

In the event that this Court determines that the FLSA does apply to Plaintiffs' employment with the Association, Defendants Intriago and Gonzalez state that there is an issue of material fact as to whether they are jointly or severally liable under the FLSA. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). *Accord Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984), cert. denied, 471 U.S. 1124, 105 S.Ct. 2654, 86 L.Ed.2d 272 (1985). In the instant case, there is an issue as to whether Defendants Intriago and Gonzalez had operational control of the Association, or whether such control was possessed by the Board of Directors. Further, there is a material issue regarding whether Defendants Intriago and Gonzalez directly supervised the Plaintiffs.

Defendants Intriago and Gonzalez became corporate officers of the Association in March 2007, *see* Not-For-Profit Corporation Annual Report Composite Exhibit attached hereto as Exhibit

A. Intriago and Gonzalez shared operational control of the Association with the rest of the members of the Board of Directors from March 2007 through December 2009. *See* Deposition of Raul Intriago ("Intriago Depo"), filed with Plaintiffs' Motion for Partial Summary Judgment [DE 38-3], p. 12. lines 2-5; Deposition of John Gonzalez ("Gonzalez Depo") filed with Plaintiffs' Motion for Partial Summary Judgment [DE 38-4], p. 12, lines 2-7. Mr. Gonzalez testified that while he disciplined Plaintiffs for poor work performance, the other Board members also disciplined the Plaintiffs for poor work performance. *See* Gonzalez Depo, p. 12, lines 2-7. Other neighbors also had to discipline the Plaintiffs for poor work performance. *See* Gonzalez Depo, p. 11, lines 20-23. Mr. Gonzalez testified that he resides in Spain for substantial periods of time each year. *See* Gonzalez Depo, p. 5, lines 13-15; p. 10, lines 5-7 and p. 12, lines 10-15. Gonzalez does not spend much time at Aragon Towers. *See id.* at p. 18, lines 6-9. Neither Intriago nor Gonzalez had any input with respect to the terms of the Plaintiffs' employment contract, nor the amounts paid to the Plaintiffs. *See* Gonzalez Depo, pp. 12-13, lines 20-1; Intriago Depo, p. 9, lines 5-16. Thus the issue of whether the Intriago and Gonzalez were Plaintiffs supervisors, or whether they had operational control of the Association, are unsettled questions of fact.

Accordingly, and in the event that this Court determines that the FLSA does apply to Plaintiffs' employment with the Association, this Court must deny the relief requested in section C of the Plaintiffs' Motion for Partial Summary Judgment because there are issues of material fact present, as described above, which preclude summary judgement.

## C. IF THIS COURT DETERMINES THAT THE FLSA APPLIES, THE DEFENDANTS ARE ENTITLED TO A COST CREDIT FOR LODGING PROVIDED TO THE PLAINTIFFS.

It remains the Defendants' position that the FLSA does not apply to the Plaintiffs in this case. *See* Defendants' Motion for Final Summary Judgment [DE 34]. Accordingly, the Defendants request that this Court deny the relief requested in section D of the Plaintiffs' Motion for Partial Summary Judgment.

In the event that this Court determines that the FLSA does apply to Plaintiffs' employment with the Association, the Defendants assert that they are entitled to a credit for the value of the unit in which Plaintiffs resided during their employment with the Association. An employer may consider the cost of benefits provided to employees during non-compensable time as part of the employees' wages under the FLSA. *See Archie v. Grand Cent. P'ship, Inc*., 86 F.Supp.2d 262 (S.D.N.Y. 2000). The failure of an employer who provided benefits as wages to keep records showing deductions from wages on a workweek basis as required by law does not, by itself, prevent the cost of such benefits from being considered part of the wages paid to employees under the FLSA. *See id.*

The Plaintiffs cite *Marshall v. DeBord*, Lab.Cas. P 33,721 (E.D.Okl.1978), *Morgan v. Atlantic Coastline R. Co*., 32 F.Supp. 617 (S.D.Ga.1940), and *Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 474 (11th Cir. 1982) and allege that each stands for the proposition that the Defendants in the instant case are not entitled to a credit for the value of Apartment 000, in which Plaintiffs resided while employed by the Association. Each of the cases cited hinges on the lack of evidence presented in those cases. The Eleventh Circuit explained:

> In *Marshall v. DeBord*, Lab.Cas. P 33,721 (E.D.Okl.1978), the court ruled that the employer has the burden of showing that he has satisfied the conditions imposed by the FLSA and regulations in order to be entitled to a credit for the reasonable cost of meals and lodging provided to employees. Finding that the defendant in that case had not produced records or other evidence to establish the reasonable cost (not including profit) of providing the board, lodging, or other facilities which he customarily furnished to employees, the court denied any credit against back wages due. Similarly, in *Morgan v. Atlantic Coastline R. Co.*, 32 F.Supp. 617 (S.D.Ga.1940), the court did not allow the employer to include the value of housing facilities provided to employees as wages paid for purposes of the FLSA, because the employer had not requested the Administrator of the Wage and Hour Division, United States Department of Labor, to determine the reasonable cost of providing those facilities. *Id.* at 619.10 The court noted that there was no evidence to show the reasonable or actual cost of any facility which employers claimed they had furnished to the employees. *Id.*

*Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 474 (11th Cir. 1982).

In *Archie*, the Court also addressed the record keeping issue raised by the instant Plaintiffs when it found that the failure to maintain records under 29 C.F.R. § 516.27 was not determinative of their ability to credit the value of lodging provided when it wrote:

> [T]hat defendants did not maintain records showing deductions from wages on a workweek basis, as required under 29 C.F.R. § 516.27(b) for employers who provide benefits as wages, does not mandate denial of deductions now. Of course defendants did not keep such records, as they did not view plaintiffs in the status of employees until Judge Sotomayor held them to have been so. Moreover, plaintiffs offer no authority that the failure to have kept records by itself mandates denial of deductions. Plaintiffs rely on *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir.1982), where the court rejected the defendants' effort to deduct the cost of meals and lodging when the defendants had not kept the records required by the regulations. However, the court in that case did not rest its decision on the absence of the required records, but rather on the fact that the defendants had not put forward evidence that supported their claims

> as to the costs to them of the room and board. The matter is one of sufficient evidence:
>
> > ... the district judge, who was charged with making credibility choices, held that defendants had failed to establish the reasonable cost by "credible evidence." The district court was entitled to discount [the] unsubstantiated estimate of cost on credibility grounds.

*Archie*, 86 F.Supp.2d at 266 (*quoting Donovan*, 676 F.2d at 475).

As in *Archie*, the Defendants in the case at bar case did not perceive the need to maintain the records as required by 29 C.F.R. § 516.27 because the Defendants did not believe, and still do not believe, that the FLSA applies (for the reasons stated in Defendants' Motion for Summary Judgment). As such, this Court should consider the evidence provided by the Defendants, and allow a credit based on the value of Apartment 000, in which Plaintiffs resided during their employment with the Association.

The Defendants provided competent, credible evidence of the value of unit 000, when John Gonzalez testified about the value of the unit. Gonzalez is a landlord and owns two units at Aragon Towers. *See* Gonzalez Depo, p. 5, lines 1-11. Gonzalez estimated the value of the rent at Apartment 000 to be approximately $1,200 to $1,300 per month. *See* Gonzalez Depo, p. 15, lines 6-14.

Accordingly, the Defendants request that this Court deny the relief requested in section D of the Plaintiffs' Motion for Partial Summary Judgment.

## CONCLUSION

The Defendants request that this Court find that 29 U.S.C. § 206 (f) does not apply to the instant case and deny Plaintiffs' Motion for Partial Summary Judgment. In the alternative,

Defendants request that this Court find that the Defendants did not waive the defenses present in 29 U.S.C. § 213. Further in the alternative, Defendants request that this Court deny the relief requested in section C of the Plaintiffs' Motion for Partial Summary Judgment because there is an issue of material fact present which precludes summary judgement on this issue, and find that Defendants are entitled to a credit for the value of Apartment 000 upon proof thereof at trial. Defendants further request that this Court grant any and all further relief deemed proper.

Respectfully submitted,

/s/ Patrick H. Gonyea
Patrick H. Gonyea, Esquire
Florida Bar No. 0055042
pgonyea@florida-law.com
Edwin Cruz, Esquire
Florida Bar No. 0055579
ecruz@florida-law.com

*Cardenas, Eusebia, et al. v. Aragon Towers Condo. Assn., et al.*
*Case No. 1:10-cv-22722 - HUCK/O'SULLIVAN*

## CERTIFICATE OF SERVICE

I hereby certify that on **February 17, 2011**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Patrick H. Gonyea
Patrick H. Gonyea, Esquire
Florida Bar No.: 0055042
pgonyea@florida-law.com
Edwin Cruz, Esquire
Florida Bar No. 0055579
ecruz@florida-law.com

## SERVICE LIST

J. H. Zidell, Esquire
J. H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

PHG/EC/dmh
0646/210859